## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

LYNNE CALLIGARO,

      Plaintiff,

             v.

DELOITTE CONSULTING, LLP,

      Defendant.

Civil Action No. 1:19-cv-1456

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Deloitte Consulting LLP ("Defendant") hereby answers each of the paragraphs of the First Amended Complaint ("FAC") as set forth below. Any allegation in the FAC that is not expressly admitted is denied.

1.      Defendant admits that plaintiff Lynne Calligaro ("Plaintiff") purports to bring this lawsuit as described in paragraph 1. Defendant denies the remaining allegations in paragraph 1.

### JURISDICTION AND VENUE

2.      Defendant admits the allegations in paragraph 2.

3.      Defendant admits the allegations in paragraph 3.

4.      Defendant admits the allegations in paragraph 4.

### PARTIES

5.      Defendant admits that Plaintiff worked in various positions at Defendant. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 5.

6.      Defendant admits the allegations in paragraph 6.

7.      Defendant admits the allegations in paragraph 7.

8.      Defendant admits that it provides consulting services.  Defendant denies the remaining allegations in paragraph 8.

9.      Defendant admits that it operates in Arlington, Virginia.  Defendant denies the remaining allegations in paragraph 9.

10.     Defendant admits the allegations in paragraph 10.

11.     Defendant admits the allegations in paragraph 11.

**Background**

12.     Defendant admits that, on or about May 9, 2009, Plaintiff began employment with Defendant as a Manager.  Defendant denies the remaining allegations in paragraph 12.

13.     Defendant admits that, prior to being hired by Defendant, Plaintiff had worked at other consulting firms.  Defendant denies the remaining allegations in paragraph 13.

14.     Defendant admits that the Plaintiff held two Master's degrees at the time Defendant hired Plaintiff.  Defendant denies the remaining allegations in paragraph 14.

15.     Defendant admits the allegations in paragraph 15.

16.     Defendant admits the allegations in paragraph 16.

17.     Defendant admits the allegations in paragraph 17.

18.     Defendant denies the allegations in paragraph 18.

19.     Defendant denies the allegations in paragraph 19.

20.     Defendant denies the allegations in paragraph 20.

21.     Defendant admits that Plaintiff received an off-cycle salary increase.  Defendant denies any remaining allegations in paragraph 21.

22.     Defendant admits the allegations in paragraph 22.

23.     Defendant denies the allegations in paragraph 23.

24.     Defendant denies the allegations in paragraph 24.

25.     Defendant admits that Sean Morris approved a $20,000 increase to Plaintiff's base salary in 2014.  Defendant denies any remaining allegations in paragraph 25.

26.     Defendant admits the allegations in paragraph 26.

27.     Defendant denies the allegations in paragraph 27.

**Plaintiff's Salary History**

28.     Defendant denies the allegations in paragraph 28.

29.     Defendant admits the allegations in paragraph 29.

30.     Defendant denies the allegations in paragraph 30.

31.     Defendant denies the allegations in paragraph 31.

32.     Defendant denies the allegations in paragraph 32.

33.     Defendant denies the allegations in paragraph 33.

34.     Defendant admits the allegations in paragraph 34.

35.     Defendant denies the allegations in paragraph 35.

36.     Defendant denies the allegations in paragraph 36.

**Defendant Paid Plaintiff Less than her Male Colleagues**

37.     Defendant admits that, at various points during her employment with Defendant, Plaintiff was expected to perform the job duties described in paragraph 37.

38.     Defendant denies the allegations in paragraph 38.

39.     Defendant denies the allegations in paragraph 39.

40.     Defendant admits the allegations in paragraph 40.

41.     Defendant admits that while assigned to the Arlington office in 2014, Plaintiff and Mr. Birch were assigned to the Human Capital Service area within the Federal Consulting Practice Group.  Defendant denies the remaining allegations in paragraph 41.

42.     Defendant denies the allegations in paragraph 42.

43.     Defendant admits that, in 2014, Plaintiff and Jeff Birch spent working hours at client sites and at Defendant's Arlington, Virginia office.  Defendant denies any remaining allegations in paragraph 43.

44.     Defendant denies the allegations in paragraph 44.

45.     Defendant admits that, in 2014, one of Plaintiff's clients was the Military Health System.  Defendant denies the remaining allegations in paragraph 45.

46.     Defendant admits that, in 2014, one of Mr. Birch's client was the United States Postal Service.  Defendant denies the remaining allegations in paragraph 46.

47.     Defendant denies the allegations in paragraph 47.

48.     Defendant admits the allegations in paragraph 48.

49.     Defendant denies the allegations in paragraph 49.

50.     Defendant admits the allegations in paragraph 50.

51.     Defendant denies the allegations in paragraph 51.

52.     Defendant denies the allegations in paragraph 52.

53.     Defendant denies the allegations in paragraph 53.

54.     Defendant admits the allegations in paragraph 54.

55.     Defendant denies the allegations in paragraph 55.

56.     Defendant denies the allegations in paragraph 56.

57.     Defendant admits that Matt Pietrewski was a Specialist Leader in the Human Capital service area and worked out of Defendant's Arlington, Virginia office as a Specialist Leader from August 2013 through January 2018.  Defendant denies the remaining allegations in paragraph 57.

58.     Defendant denies the allegations in paragraph 58.

59.     Defendant denies the allegations in paragraph 59.

60.     Defendant denies the allegations in paragraph 60.

61.     Defendant denies the allegations in paragraph 61.

**Plaintiff Complains about Pay Disparity**

62.     Defendant admits that in March 2019 Plaintiff requested that Donald Brady, her counselor at Defendant, inquire into Plaintiff's salary.  Defendant denies the remaining allegations in paragraph 62.

63.     Defendant denies the allegations in paragraph 63.

64.     Defendant denies the allegations in paragraph 64.

65.     Defendant admits that in early March 2019 Plaintiff raised concerns about not receiving an additional salary adjustment in 2015.  Defendant denies the remaining allegations in paragraph 65.

66.     Defendant denies the allegations in paragraph 66.

67.     Defendant denies the allegations in paragraph 67.

68.     Defendant denies the allegations in paragraph 68.

69.     Defendant admits that on or about April 2, 2019, Plaintiff contacted Andrea Borde-Dalwadi and Rebecca Wiltgen, Talent Business Advisors at Defendant, to request certain information related to her 2014 salary adjustment.  Defendant denies the remaining allegations in paragraph 69.

70.     Defendant admits the allegations in paragraph 70.

71.     Defendant denies the allegations in paragraph 71.

72.     Defendant denies the allegations in paragraph 72.

73.     Defendant admits the allegations in paragraph 73.

74.     Defendant denies the allegations in paragraph 74.

75.     Defendant admits that it did not provide Plaintiff with all of the documentation she requested, but only that to which she was entitled and could not otherwise access herself. Defendant denies any remaining allegations in paragraph 75.

76.     Defendant admits that it did not provide Plaintiff with all of the documentation she requested, but only that to which she was entitled and could not otherwise access herself. Defendant denies any remaining allegations in paragraph 76.

**<u>Defendant Retaliated Against Plaintiff for Engaging in Protected Activity</u>**

77.     Defendant admits the allegations in paragraph 77.

78.     Defendant admits that Plaintiff was one of several team members who contributed to the efforts to secure  Defendant's engagement opportunity with Kite Pharma.  Defendant denies the remaining allegations in paragraph 78.

79.     Defendant admits that Plaintiff was scheduled to work on the Kite Pharma project.  Defendant denies the remaining allegations in paragraph 79.

80.     Defendant admits that, on or about April 26, 2019, Donald Brady informed Plaintiff she was being removed from the Kite Pharma project.  Defendant denies any remaining allegations in paragraph 80.

81.     Defendant denies the allegations in paragraph 81.

82.     Defendant denies the allegations in paragraph 82.

83.     Defendant denies the allegations in paragraph 83.

84.     Defendant admits the allegations in paragraph 84.

85.     Defendant admits that on or about August 6, 2019, Plaintiff informed Mr. Brady during a telephone conversation that she was going to file a lawsuit against Defendant for unfair compensation.  Defendant denies the remaining allegations in paragraph 85.

86.    Defendant admits that Plaintiff's access to email and the intranet was disabled on or about August 21, 2019.  Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 86.

87.    Defendant admits that Plaintiff called 1-800-Deloitte on August 29, 2019 and spoke with an analyst concerning her account access.  Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 87.

88.    Defendant admits that Plaintiff called 1-800-Deloitte on August 29, 2019 and spoke with an analyst concerning her account access.  Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 88.

89.    Defendant denies the allegations in paragraph 89.

**Plaintiff is Terminated from Defendant**

90.    Defendant admits that on September 4, 2019, Defendant informed Plaintiff that she was terminated from Deloitte via email to Plaintiff's personal email address.  Defendant denies any remaining allegations in paragraph 90.

91.    Defendant admits that the e-mail stated that, unless there were mitigating circumstances that prevented Plaintiff from responding, the decision was made to separate Plaintiff from the organization based on the potential risk for Defendant and its clients due to Plaintiff's violation of policy and her lack of response to address the offload of confidential or proprietary Deloitte or client information.  Defendant denies the remaining allegations in paragraph 91.

92.     Defendant admits that it left Plaintiff multiple voicemail messages on the phone number provided by Plaintiff and maintained in Plaintiff's human resources file.  Defendant denies the remaining allegations in paragraph 92.

93.     Defendant admits that to its knowledge it did not leave a voicemail message on Plaintiff's work phone between August 14, 2019 and September 4, 2019 concerning Plaintiff's removal of confidential and proprietary information.  Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 93.

94.     Defendant admits that it sent Plaintiff multiple emails beginning on August 14, 2019 concerning her removal of confidential and propriety information.  Defendant denies the remaining allegations in paragraph 94.

95.      Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95.

96.     Defendant admits the allegations in paragraph 96.

97.     Defendant admits the allegations in paragraph 97.

98.     Defendant admits the allegations in paragraph 98.

99.     Defendant denies the allegations in paragraph 99.

100.    Defendant admits that on September 23, 2019 Jessica McDermott sent an email to Plaintiff and that Ms. McDermott was a member of Defendant's Employee Lifecycle Events Compliance Group.  Defendant denies the remaining allegations in paragraph 100.

101.    Defendant admits that on September 23, 2019 Jessica McDermott sent an email to Plaintiff requesting Plaintiff's availability for a call.  Defendant denies the remaining allegations in paragraph 101.

102.    Defendant admits the allegations in paragraph 102.

103.    Defendant admits the allegations in paragraph 103.

104.    Defendant admits the allegations in paragraph 104.

105.    Defendant admits that on or about October 4, 2019, Plaintiff requested that Ms. McDermott provide her with Defendant's standard corrective actions relating to policy violations.  Defendant denies the remaining allegations in paragraph 105.

106.    Defendant admits that on or about October 9, 2019, Plaintiff emailed Ms. McDermott identifying which of the emails she had sent to her personal email address she believed contained Defendant or client information.  Defendant denies the remaining allegations in paragraph 106.

107.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107.

108.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108.

109.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109.

110.    Defendant denies the allegations in paragraph 110.

111.    Defendant admits the allegations in paragraph 111.

112.    Defendant admits that Defendant does not uniformly terminate employees who violate any or all of Defendant's policies.  Defendant denies the remaining allegations in paragraph 112.

113.    Defendant denies the allegations in paragraph 113.

114.    Defendant denies the allegations in paragraph 114.

## COUNT I
### Sex-Based Pay Discrimination
**[Violation of Equal Pay Act, 29 U.S.C. § 206(d)(1)]**

115.    Defendant incorporates its responses to the allegations in the preceding paragraphs as set forth above.

116.    Defendant admits that it employed Plaintiff and that Plaintiff was based out of its Arlington, Virginia office.  Defendant denies any remaining allegations in paragraph 116.

117.    Defendant denies the allegations in paragraph 117.

118.    Defendant denies the allegations in paragraph 118.

119.    Defendant denies the allegations in paragraph 119.

120.    Defendant denies the allegations in paragraph 120.

121.    Defendant denies the allegations in paragraph 121.

122.    Defendant denies the allegations in paragraph 122.

123.    Defendant denies the allegations in paragraph 123.

124.    Defendant denies the allegations in paragraph 124.

125.    Defendant denies the allegations in paragraph 125.

126.    Defendant denies the allegations in paragraph 126.

127.    Defendant denies the allegations in paragraph 127.

128.    Defendant denies the allegations in paragraph 128.

## COUNT II
### Retaliation
**[Violation of Equal Pay Act, 29 U.S.C. § 206(d)(1)]**

129.    Defendant incorporates its responses to the allegations in the preceding paragraphs as set forth above.

130.    Defendant denies the allegations in paragraph 130.

131.    Defendant denies the allegations in paragraph 131.

10

132.    Defendant denies the allegations in paragraph 132.

133.    Defendant admits that Plaintiff was subject to an adverse action when she was terminated.  Defendant denies the remaining allegations in paragraph 133.

134.    Defendant admits Plaintiff was removed from working on a project on April 26, 2019, which occurred temporally after she had raised concerns about her compensation. Defendant denies any connection between these two events and defendant denies the remaining allegations in paragraph 134.

135.    Defendant denies the allegations in paragraph 135.

136.    Defendant admits Plaintiff's access to email and internal intranet systems was disabled, which occurred temporally several months after she had raised concerns about her compensation.  Defendant denies any connection between these two events and defendant denies the remaining allegations in paragraph 136.

137.    Defendant admits Plaintiff was terminated, which occurred temporally several months after she had raised concerns about her compensation.  Defendant denies any connection between these two events and defendant denies the remaining allegations in paragraph 137.

138.    Defendant denies the allegations in paragraph 138.

139.    Defendant denies the allegations in paragraph 139.

140.    Defendant denies the allegations in paragraph 140.

141.    Defendant denies the allegations in paragraph 141.

## JURY DEMAND

Defendant admits that Plaintiff has requested a jury trial.

## PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, including Paragraphs A through H, Defendant denies that Plaintiff is entitled to the relief sought or any relief whatsoever.

## DEFENSES

As separate defenses to the FAC and each cause of action, Defendant alleges the following defenses.  Defendant does not in any way change the allocation and burden of proof for each such defense listed as established by applicable law.

### FIRST DEFENSE

The FAC, or portions thereof, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that she is guilty of inequitable or improper conduct in connection with the matters alleged in the FAC.

### FOURTH DEFENSE

The FAC, and each purported cause of action contained therein, is barred to the extent that Plaintiff has failed to satisfy conditions precedent to maintaining this action.

### FIFTH DEFENSE

The FAC, and each purported cause of action contained therein, is barred to the extent Plaintiff has failed to exhaust her administrative remedies and/or comply with all applicable administrative procedures.

### SIXTH DEFENSE

To the extent that there are any adverse pay differences between Plaintiff and any male comparators who perform equal work on jobs requiring equal skill, effort and responsibility under similar working conditions within the same establishment, the differential is justified based upon a merit system, the quantity or quality of Plaintiff's work compared to that of her comparators, and/or other factors other than sex.

### SEVENTH DEFENSE

The FAC or portions thereof, are barred, in whole or in part, by the equitable doctrine of laches.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the avoidable consequences doctrine.

### NINTH DEFENSE

Plaintiff has failed to mitigate her damages, and any damages awarded to Plaintiff should be reduced according to the extent of such failure to mitigate.

### RESERVATION OF RIGHTS

Defendant has insufficient knowledge or information upon which to form a belief as to whether additional defenses are available.  Defendant hereby reserves the right to assert additional defenses during the course of discovery in this action or as otherwise appropriate and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, Defendant prays for relief as follows:

1.     That Plaintiff takes nothing by the FAC;

2.     That the FAC be dismissed with prejudice;

3.     That judgment be entered in Defendant's favor;

4.     For attorneys' fees and costs of suit incurred herein; and

5.     For such other and further relief as the Court may deem just and proper.

Dated: April 20, 2020

Respectfully submitted,

   /s/                            

Allison S. Papadopoulos (VA Bar No. 85715)
apapadopoulos@akingump.com
Esther G. Lander (admitted *pro hac vice*)
elander@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street N.W.
Washington, D.C. 20006
Telephone:  (202) 887-4000
Fax:  (202) 887-4288

*Attorneys for Defendant Deloitte Consulting, LLP*