**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

LYNNE CALLIGARO,

    Plaintiff,

          v.                      Civil Action No. 1:19-cv-1456-RDA-JFA

DELOITTE CONSULTING LLP,

    Defendant.

**[PROPOSED] JOINT DISCOVERY PLAN**

Plaintiff Lynne Calligaro ("Plaintiff") and Defendant Deloitte Consulting LLP ("Defendant"), by and through their respective undersigned counsel, submit the following Proposed Discovery Plan in accordance with Fed. R. Civ. P. 26(f) and the Court's May 19, 2020 Scheduling Order (ECF No. 16) (the "Scheduling Order").

On June 3, 2020 counsel for the parties conferred regarding the matters set forth in Rule 26(f) and the Scheduling Order.

The parties have agreed to the following discovery arrangements:

1.    <u>Settlement</u>:  Counsel have discussed the possibilities for a prompt settlement or resolution of the case and do not believe that the parties are in a position to resolve this matter at this time.

2.    <u>Magistrate Judge</u>:  The parties do not consent to the exercise of jurisdiction of a United States Magistrate Judge for the purposes of trial and entry of final judgment.

3.    <u>Initial Disclosures</u>:  The parties will exchange initial disclosures on June 17, 2020, in accordance with the timing set forth in Fed. R. Civ. P. 26(a)(1)(C).

4.      Discovery:  The parties expect that that discovery will be needed on (i) whether the Plaintiff was paid less than any male employees who she claims performed equal work within the same establishment and, if so, whether there were reasons for any such pay differences based on any factor other than sex; (ii) whether Plaintiff engaged in legally protected activity when she complained about her salary and whether she was retaliated against for doing so; (iii) the reason for Plaintiff's termination; and (iv) Plaintiff's claim for damages.

The parties do not anticipate any need to limit discovery to phases or particular issues at this time.  Pursuant to the Scheduling Order, discovery will be completed on or before Friday, November 13, 2020.  In addition, the parties agree that they will make expert disclosures no later than 60 days before the close of discovery, by September 14, 2020, and that any expert rebuttal reports will be disclosed 30 days after the other party's expert disclosures.

5.      Discovery of Electronically Stored Information:  The parties agree to abide by the procedures set forth in Fed. R. Civ. P. 34 with respect to electronically stored information ("ESI").  The parties shall confer to attempt to resolve any issues that may arise regarding the production of ESI.  If an agreement cannot be reached regarding such issues, then the party seeking production may petition the Court for an order compelling production under the applicable Federal and Local Rules of Civil Procedure.

6.      Assertions of Privilege:  Pursuant to Fed. R. Civ. P. 26(b)(5), the parties agree that they will assert claims of privilege/protection through the use of privilege logs.  The logs will set forth: (i) a description of any privileged document/thing to include any identifying number/label; (ii) its date, if known; (iii) author, if applicable and if known; (iv) its recipient(s), if any; and (v) the basis for the assertion of privilege/protection.  Any such log(s) tendered shall accompany any

2

document production from which the responsive documents are being withheld or be provided shortly thereafter.

7.     <u>Changes to Discovery</u>:  The parties are not aware of any factors at this time that would require a change in the limitations on discovery imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Scheduling Order.  However, Defendant reserves its right to request leave of Court to depose all trial witnesses identified by Plaintiff who were not previously deposed, if such depositions would cause Defendant to exceed the five non-expert depositions permitted by the Court in its Scheduling Order.

8.     <u>Orders Pursuant to Fed. R. Civ. P. 26(c)</u>:  The parties agree to seek a protective order governing confidential, proprietary, and/or personnel information required to be disclosed during discovery.  The parties further agree that the proposed protective order will not provide for the automatic sealing of documents, and the parties will follow the applicable procedures to the extent motions to seal are appropriate.

Dated:  June 17, 2020                        Respectfully submitted,

   */s/  Allison S. Papadopoulos*
Allison S. Papadopoulos (VA Bar No. 85715)
apapadopoulos@akingump.com
Esther G. Lander (admitted *pro hac vice*)
elander@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street N.W.
Washington, D.C. 20006
Telephone:  (202) 887-4000
Fax:  (202) 887-4288

*Attorneys for Defendant Deloitte Consulting LLP*


*/s/ Phillis h. Rambsy*
Phillis h. Rambsy (VA Bar #92023)
prambsy@spigglelaw.com
THE SPIGGLE LAW FIRM, PC
4830 A 31st Street, South
Arlington, Virginia 22206
Telephone:  (202) 499-8527
Fax:  (202) 540-8018

*Attorney for Plaintiff Lynne Calligaro*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2020, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all counsel of record.

_/s/_____
Allison S. Papadopoulos (VA Bar No. 85715)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street N.W.
Washington, D.C. 20006
Tel.:  (202) 887-4000
Fax:  (202) 887-4288
apapadopoulos@akingump.com
*Attorney for Defendant Deloitte Consulting LLP*